# CHARLESTON.

PETER MASHUWAS *v.* A. F. BENNETT.

Submitted March 7, 1922.   Decided March 14, 1922.

1.   TAXATION—*Tax Deed May Not be Obtained After Two Years From Sale Except Under Special Circumstances as Provided by Statute.*

Notwithstanding the provision in sec. 19 of ch. 31, Code, as amended by ch. 67, Acts, 1917, authorizing a purchaser of land at a tax sale, to file or cause to be filed with the clerk of the county court of the county in which the property is situated, the survey or report required by other provisions of said chapter 31, and request the execution of a deed, at any time after expiration of a year and three months from the date of sale and before the expiration of two years from said date, a deed for the property cannot be made or obtained after two years from the date of sale thereof, in the absence of special circumstances made ground of exception by a provision of sec. 24 of said chapter 31, as amended by said chapter 67.   (p. 540).

2.  SAME—*Sections of Statutes Relating to Tax Sales and Pre-scribing Limitation as to Deed Must be Construed Together.*

    Under the rules of construction, said provision of sec. 19 and the limitation prescribed by said sec. 24 must be read and considered together and both allowed effect as far as possible. (p. 540).

3.  SAME—*Implication of Right to Take Tax Deed After Two Years From Sale Must Yield to Prohibitory Terms of Statute.*

    The mere implication of right to take a deed after two years, under ordinary conditions, arising from the terms of the provision in said sec. 19, must yield to the express pro-hibitory terms of the limitation in said sec. 24.   (p. 540).

Appeal from Circuit Court, Tucker County.

Suit by Peter Mashuwas against A. F. Bennett to set aside a tax deed.    Decree for plaintiff, and defendant appeals.

*Affirmed.*

*D. E. Cuppett,* for appellant.

*J. P. Scott,* for appellee.

POFFENBARGER, PRESIDENT:

The decree under review on this appeal set aside a tax deed made more than two years after the date of the sale of property, for the taxes as to which it was delinquent, without any proof or claim that execution thereof had been delayed by any proceedings under sec. 22 of ch. 31 of the Code to compel execution thereof, or that such execution had been enjoined or stayed by any legal process or proceeding.    By sec. 24 of said chapter, as amended by ch. 67, Acts, 1917, execution of a tax deed after two years from the date of the sale of the real estate, is expressly inhibited, except in the two cases just mentioned.    The property was sold, December 4, 1917, for delinquency as to the year 1915, and the deed made December 12, 1919.    There is no disclosure of failure or refusal of the Clerk of the County Court to make or correct a deed, causing a proceeding to compel him to do so, nor of any injunction or other proceeding by which execution thereof was precluded or delayed.

The argument submitted to sustain the deed and reverse the decree is founded upon the provision of sec. 19 of ch. 31 of the Code, as amended by said ch. 67, Acts, 1917, allowing the purchaser the privilege of filing his survey or plat and making his request for a deed, at any time between the expiration of fifteen months from the date of sale and two years from the date thereof.   The contention is that, as he can file his report or plat and request the deed, at any time after fifteen months and before the expiration of two years, the Legislature must have intended to permit him, after having done those things within two years, to take his deed at any time after two years.   Such construction would put it in his power to have unlimited time to take the deed.   That result was not within the legislative purpose.   There has always been a time limit upon acquirement of the deed.   Formerly it was five years.   In the amendment effected in 1917, it was reduced to two. This action discloses intent to adhere to it as a matter of policy.   Both provisions must be read together and allowed such effect as they can have and be made to conform, as nearly as possible, with manifest legislative purpose and policy.   So read, they allow nine months in which to perform all the acts required of the purchaser and clerk to vest the title in the former, and both are given reasonable and important operation and effect.

The claim of right under sec. 19, to take a deed after two years, is based upon mere implication.   That section does not give it in terms.   The implication is not a necessary one, because section 24 negatives it, saying the deed shall not be taken after two years.   A mere implication can seldom, if ever, stand against express terms.

Upon this construction of the two provisions of the statute involved, the decree complained of will be affirmed.

*Affirmed.*